OPINION
Defendant/cross-claimant, Robert Sochor, dba RJS Builders, appeals the December 6, 1999 Judgment Entry of the Licking County Court of Common Pleas which found against him and in favor of defendants/counterclaimants-appellees, Paul and Lawanda Smith.
 STATEMENT OF THE CASE AND FACTS
In 1992, Paul and Lawanda Smith were living in New Jersey but planned to move to Ohio. The Smiths decided to build a new home in Granville, Ohio. After reviewing a number of floor plans, Mr. Smith generated a list of specifications for the home he and Mrs. Smith desired. When the time came to speak with a contractor, Mr. Mrs. Smith contacted Mr. Sochor, the owner of RJS Builders. Mr. Sochor and Mr. Smith met on a number of occasions to discuss the construction for the new home. The two worked together to create a set of specifications which was ultimately incorporated into a contract. On November 21, 1992, the parties entered into a formal construction agreement. The agreement incorporated the specifications, listed the contract price as $171,950, and established a draw schedule for payments to RJS Builders. The agreement indicated any changes or modifications were to be signed in writing by both parties. Shortly after the contract was signed, construction began and continued without incident until the Spring of 1993. Until that time, payments were made in accordance with the draw schedule. However, in the Spring of 1993, just as the trim work was beginning, a disagreement arose between Mr. Smith and Mr. Sochor. Mr. Sochor decided to cease construction. Mr. Smith then contacted an attorney who convinced Mr. Sochor to return to work. Construction continued until June or July of 1993, at which time further problems developed and Mr. Sochor again ceased work. For a second time, Mr. Smith's attorney was able to convince Mr. Sochor to return to the project. However, Mr. Sochor left the job again and did not return. As the problems began to escalate, Mr. Sochor and Mr. Smith decided to enter into settlement discussions. Pursuant to those discussions, Mr. Sochor offered to accept $8,300 as final payment of the balance due under the contract. At that time, RJS had been paid $164,450. The Smiths did not accept this settlement offer. Instead, the Smiths deposited $5,992.27 into an escrow account. This figure represented $8,300 less allowances provided for in the contract which had not yet been reconciled by RJS. The Smiths calculated this unreconciled allowance and deducted $2,307.73 as an offset to the proposed settlement figure. Mr. Sochor claimed he worked on "punch list" items up until November 16, 1993, the last day he performed work on the home. The Smiths disagreed, testifying before the magistrate they moved into the home approximately ten to fifteen days before Thanksgiving and that work on the home had longed since ceased. Mr. Mrs. Smith filed an Affidavit of Completion on November 10, 1993. It was the Smiths specific contention that as of that date, the contract price was paid in full. Obviously, Mr. Sochor disagreed. On December 29, 1993, Mr. Sochor filed an Affidavit for a Mechanics Lien claiming Mr. Mrs. Smith owed RJS $8,800. STATEMENT OF THE CASE On March 18, 1998, Richard A. Foster, Executor of the Estate of Linda L. Foster, filed an action against the Smiths for failure to pay a note and mortgage. The property which is the subject of this litigation was collateral for the note and mortgage. Mr. Sochor and RJS Builders were also named as party defendants by virtue of the mechanic's lien filed against the property. Mr. Sochor filed an answer to the complaint alleging the validity of the mechanic's lien and filed a cross complaint against the Smiths for collection of the amount due under the contract and for foreclosure of his mechanic's lien. The Smiths filed a reply to the cross-claim and also filed a counterclaim against Mr. Sochor alleging breach of contract for failure to properly complete the construction of their home. Subsequently, the Smiths settled with the plaintiff which resulted in the primary complaint being dismissed. Mr. Sochor's cross-claim against the Smiths and the Smith's counterclaim against Mr. Sochor were the only remaining claims in the case. On May 21, 1999, the Smiths filed a Motion for Summary Judgment. In a July 12, 1999 Judgment Entry, the trial court overruled the motion for summary judgment and the matter proceeded to trial before a magistrate on September 30, 1999. On October 29, 1999, the magistrate filed her Decision with Findings of Fact and Conclusions of Law. In an extremely thorough and well-written document, the magistrate found against Mr. Sochor and RJS on the claim on account. The magistrate found RJS had failed to establish an account upon which the Smiths owed RJS. Further, the magistrate found Mr. Sochor did not demonstrate at trial any money was owed for work performed by RJS after August 9, 1993. The court did find merit in the Smiths' breach of contract claim against RJS. Accordingly, the magistrate found in favor of the Smiths and awarded $14,550 in damages. On November 12, 1999, Mr. Sochor filed Objections to the Magistrate's Decision, Findings of Fact and Conclusions of Law. Appellant did not file a transcript of the trial before the magistrate with the trial court. On November 22, 1999, the Smiths filed a Motion to Strike the Objections to the Magistrate's Decisions due to Mr. Sochor's failure to file a transcript of the evidence before the magistrate pursuant to Civ.R. 53(E)(3)(b). In a December 6, 1999 Judgment Entry, the trial court overruled the objections, approving, and adopting the decision of the magistrate. It is from the December 6, 1999 judgment entry appellant prosecutes this appeal, assigning the following as error:
 I. THE TRIAL COURT ERRED IN FINDING AGAINST DEFENDANT-APPELLANT ON THE BASIS THAT NO MONEY WAS OWED TO APPELLANT FOR WORK PERFORMED AFTER AUGUST 9, 1993.
 II. THE TRIAL COURT ERRED IN FAILING TO REDUCE THE FINAL AMOUNT OF APPELLEES ON THEIR COUNTERCLAIM BY A SETOFF FOR THE AMOUNT OF WHICH THEY DID NOT PAY TO APPELLANT ON THE REAL ESTATE PURCHASE CONTRACT.
 III. THE TRIAL COURT ERRED IN AWARDING DAMAGES FOR COST OF INSTALLING BRICK TRIM AROUND THE WINDOWS AT THE PROPERTY WHICH WAS THE SUBJECT OF THE REAL ESTATE PURCHASE CONTRACT BECAUSE THE BRICK TRIM WAS NOT INCLUDED IN THE SPECIFICATIONS WHICH WERE DRAFTED BY APPELLANTS.
 I, II
Appellant's first and second assignments of error attack the legal conclusion appellees owed appellant nothing on appellant's claim on account. This conclusion, drawn by the magistrate, and later adopted by the trial court, was supported by factual findings set forth in the magistrate's decision and from facts adduced at trial. We note appellant failed to file a transcript of the trial heard by the magistrate for the trial court to review when ruling on appellant's objections to the magistrate's decision. Civ.R. 53 states, in pertinent part:
(E) Decisions in referred matters
 * * * Except as to those matters on which magistrates are permitted to enter orders without judicial approval pursuant to division (C)(3) of this rule, all matters referred to magistrates shall be decided as follows:
* * *
(3) Objections
* * *
 (b) Form of objections. * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
When a party objecting to a referee's (magistrate's) report (decision) has failed to provide the trial court with the evidence and documents by which the trial court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. Because appellant did not file a transcript of the trial proceedings with his objections to the magistrate's decision, the factual findings of the magistrate are deemed established and may not be attacked on appeal. Accordingly, we review appellant's assignments of error only to analyze whether the trial court abused its discretion in reaching specific legal conclusions based upon the established facts. In his first assignment of error appellant maintains the trial court erred in finding appellee owed no money for work performed after August 9, 1993. In his second assignment of error, appellant contends the trial court erred in failing to set off the amount appellees owed under the contract against the amount awarded appellees. We have reviewed the well-reasoned decision of the magistrate and agree with the analysis contained in pages 4-24. A complete copy of the decision, later adopted by the trial court, is attached hereto and fully incorporated herein. The trial court did not abuse its discretion in adopting the magistrate's decision. Appellant's first and second assignments of error are overruled.
 III.
In the third assignment of error, appellant argues the trial court erred in awarding appellee the costs associated with repairing and/or replacing the brick window trim on the home. The magistrate's decision addressed this issue under the section entitled "Breach of Contract," and reasoned: Likewise, the Court also finds the failure to provide brick "bump-outs" in accordance with the contract is a breach. The contract specifies brick for the front windows. Mr. Smith testified he wanted brick around the windows so that they would be maintenance free. Mr. Sochor testified it could be impossible to put brick around the windows without proper footings; however, Mr. Sochor did not explain why the footings were not included in the specifications with the brick, which was specified. Mr. Smith testified he relied on Mr. Sochor to review the specifications and identify what could or could not be done, and to inform Mr. Smith if changes were needed in order to make certain items work. In the end, the contract clearly identifies brick to be used around the front windows, and it was not provided. Thus, the failure to provide the brick was a breach of contract.
Id. at 21.
Because this conclusion was based upon the established facts, we see no error in the trial court's determination appellant was responsible for the cost of repair. Appellant's third assignment of error is overruled. The December 6, 1999 Judgment Entry of the Licking County Court of Common Pleas is affirmed.
 __________________ Hoffman, J.
By: Hoffman, J. Gwin, P.J. and Milligan, V.J. concurs.